June 30, 1911.

———o———

5366.

(Court of Appeal, Parish of Orleans).

## CHARLES LOUQUE vs. MRS. JOSEPHINE DEJAN.

1. Article 2749 Revised Civil Code, in reference to the discharge of employees without serious ground of complaint, applies to all persons, except menial servants, and embraces within its terms attorneys, who hire out their services for a fixed period.
2. But a contract with an attorney-at-law, for an indefinite period and without any provisions for absolute compensation, is not a hiring of labor but a mandate governed by Article 3028 Revised Civil Code and revocable at the will of the principal.
The character of an appeal is determined by the law itself, depending on the time at which it is taken and the amount of the bond furnished.

— 430 —

Appeal from the Civil District Court, Division "E."

Chas. J. Theard, for defendant and appellee.

John Wagner, for plaintiff and appellant.

DUFOUR, J.—The plaintiff, an attorney of the local bar, sued the defendant for damages for breach of contract.

His allegations are that, after she had employed him to collect certain Metropolitan warrants for her and he had filed suit for that purpose, she notified him not to proceed further and thus prevented him from completing his contract. He then made a contract with the receiver of the Metropolitan Police Warrants to collect said warrants for 20% on the amount recovered and was successful in his suit. He now sues defendant for the difference of price between what she had originally agreed to pay and what he was paid under his subsequent contract with the receiver.

The trial judge sustained an exception of no cause of action to the petition, and the plaintiff has appealed.

In support of his contention, the plaintiff cites several cases which, on proper examination, do not appear to sustain his view.

In **Shomaker vs. Bryan, 12 An. 697**, the Supreme Court, reviewing anterior jurisprudence, held that Art. 2749 (2720) Civil Code, applied to all persons, except menial servants, who hire out their services for a **fixed period**, as for instance, attorneys-at-law, and allowed the plaintiff, discharged without serious cause of complaint, to recover his salary for the full term of the contract.

The first article of the section of the code refers exclusively to hiring for a **certain limited time**.

**Civil Code, 2746 (2717).**

In a suit involving the right to compensation of an at-

torney employed by the City of New Orleans to collect certain taxes, the Supreme Court, citing Article 3028 (2997), Civil Code, said:

"We will add that the law of hiring of personal services for a term and the decisions upon that subject cited in argument, have no application to the dealings between the parties to this suit, which, if a contract at all, would be the contract of mandate; a contract essentially revocable at the will of the principal."

Heistand vs. City, 14 An. 330; Gurley vs. City, 41 An. 76, was a case in which the contract of an attorney with the city, to collect certain taxes was abrogated.

Though several other points were discussed in the opinion, the court made a thorough review of the law of mandate and recognized the right of the city to revoke the contract in the following language.

"This indefinite existence and the absence of a stipulation for absolute renumeration implied the power of revocation by the city, at any time that it would be deemed advisable to terminate it, and a consent on the part of plaintiff to submit to such revocation. * * * His mandate, which is for an indefinite period and provides for no absolute compensation ends by its revocation, and plaintiff has no standing in court."

Bermudez vs. Mayer, 20 An. 173, does not militate against this view; there the work had been completed, and the judgment was to pay plaintiff certain sums realized under execution of certain unsatisfied judgments obtained by him.

In the instant case the discharge took place before completion of the work.

We hold, under the foregoing authorities, that the

432

contract sued on is one of mandate revocable at pleasure and that the plaintiff is not entitled to demand damages for its revocation.

We are not called upon to express any view as to his possible rights on a quantum meruit for the value of his services to date of dismissal.

Judgment affirmed.

June 19, 1911.

Rehearing refused, July 28, 1911.